### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

ANTONIO C. ROBINSON,
ADC #110422                                                                                   PLAINTIFF

V.                          CASE NO. 5:19-CV-339-BRW-BD

ESTELLA BLAND, *et al*.                                                                  DEFENDANTS

### RECOMMENDED DISPOSITION

I.   <u>Procedures for Filing Objections</u>:

This Recommendation for the dismissal of Mr. Robinson's remaining claims has been sent to Judge Billy Roy Wilson. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. Also, if parties do not file objections, they may waive the right to appeal questions of fact.

II.  <u>Discussion</u>:

   A.   <u>Background</u>

Antonio Robinson is an inmate in the Arkansas Division of Correction (ADC). He filed this civil rights lawsuit without the help of a lawyer claiming that Defendants were deliberately indifferent to his serious medical needs. (Doc. Nos. 2, 12, 21, 22, 48, 51, 54)

The Court dismissed Mr. Robinson's claims against Defendants Stepps, Parker, and Powell because he did not exhaust his administrative remedies before filing this lawsuit. (Doc. No. 111) Claims against Defendant Bland are limited to his encounters with her on August 22, 2018, August 27, 2018, November 19, 2018, December 10, 2018, January 7, 2019, May 30, 2019, and July 29, 2019. (Doc. No. 111) Claims against Defendant Jones are limited to his encounter with her on May 30, 2019. (Doc. No. 111) And, claims against Defendant Smith are limited to his encounters with him on June 20, 2019, June 26, 2019, and July 9, 2019. (Doc. No. 111)

Mr. Robinson filed a motion for partial summary judgment. (Doc No. 115) Defendants Bland, Jones, and Smith responded to Mr. Robinson's motion and moved for summary judgment. (Doc. Nos. 136, 140) Mr. Robinson has responded to the Defendants' motion; and both motions are ready for decision. (Doc. No. 143)

B.  Deliberate-Indifference Claim

Mr. Robinson claims that Defendants Bland, Jones, and Smith deliberately failed to treat his serious medical needs. To hold Defendants liable, Mr. Robinson must show that he needed treatment for a serious medical condition and that the Defendants "actually knew of but deliberately disregarded his serious medical need." *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014). A medical condition is "objectively serious" if the prisoner was diagnosed by a doctor or the need for care is so obvious that a lay person would recognize the medical need. *Id*.

Mr. Robinson must show that the Defendants' conduct was more than negligent—more even than grossly negligent. *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387

(8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman*, 756 F.3d 1060, 1065-1066 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Fourte*, 746 F.3d at 389. Stated another way, Defendants can be held liable only if their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-1241 (8th Cir. 1997) (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). See also *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (to prevail on Eighth Amendment claim, inmate must show that defendants' mental state was akin to criminal recklessness).

Here, Mr. Robinson alleges that Defendants consistently denied him adequate medical treatment for scabies. The undisputed medical records contradict Mr. Robinson's allegations.

On August 22, 2018, Nurse Hargrave examined Mr. Robinson based on his complaint that he had scabies "crawling underneath" his skin. (Doc. No. 138-1 at p.1) Although Nurse Hargrave did not note any objective findings of scabies, she referred Mr. Robinson to a provider. (Doc. No. 138-1 at p.1)

On August 27, 2018, Defendant Bland examined Mr. Robinson. (Doc. No. 138-1 at p.2) She noted fine papules in the webs of his fingers with "some drying", but she did not note any other skin abnormality. (Doc. No. 138-1 at p.2) She prescribed Stromectol and hydrocortisone cream. (Doc. No. 138-1 at p.2) Notably, Defendant Bland did not diagnose Mr. Robinson with scabies.

On October 26, Dr. Stepps examined Mr. Robinson based on the same complaints. (Doc. No. 138-1 at p.3) He found no sign of scabies. (Doc. No. 138-1 at p.3)

On November 19, Defendant Bland again examined Mr. Robinson. (Doc. No. 138-1 at p. 4) Her assessment was possible scabies or possible atopic dermatitis. (Doc. No. 138-1 at p.4) She again prescribed Stromectol. (Doc. No. 138-1 at p.4)

Defendant Bland examined Mr. Robinson again on December 10. (Doc. No. 138-1 at p.5) For this visit, she did not note any rashes or any other signs of a skin conditions, including scabies. (Doc. No. 138-1 at p.5) She did note self-inflicted lacerations to the wrists. (Doc. No. 138-1 at p.5)

On December 28, Ms. Burrow examined Mr. Robinson. (Doc. No. 138-1 at p. 8) She noted no indication of scabies.

On January 7, 2019, Defendant Bland again examined Mr. Robinson. (Doc. No. 138-1 at p.9) Her notes indicate no rash and no indication of scabies.

On January 28, Nurse Thompkins examined Mr. Robinson. (Doc. No. 138-1 at p.10) She noted no signs or symptoms of scabies at that encounter. On February 1 and February 4, other medical personnel reached the same conclusion. (Doc. No. 138-1 at pp.11-12)

On May 30, Defendant Jones examined Mr. Robinson based on his complaints of scabies. (Doc. No. 138-1 at p.13) At that encounter, Mr. Robinson explained that he showered four, or five, times daily with hot water. Defendant Jones noted dry skin and redness between Mr. Robinson's fingers. (Doc. No. 138-1 at p.13) She did not note any sign of scabies.

On the same day, Defendant Bland examined Mr. Robinson. (Doc. No. 138-1 at p.14) At that appointment, Mr. Robinson requested a Stromectol prescription for scabies. (Doc. No. 138-1 at p.14) Because Defendant Bland noted no sign of scabies, she declined to renew the requested prescription.

On June 20, Defendant Smith examined Mr. Robinson. (Doc. No. 138-1 at p.15) Again, Mr. Robinson expressed his concern that he had scabies and complained of a crawling sensation. (Doc. No. 138-1 at p.15) Defendant Smith concluded that Mr. Robinson suffered from contact dermatitis between his fingers that could be the result of excessive washing. He further noted that the crawling sensation Mr. Robinson described was not consistent with scabies. (Doc. No. 138-1 at p.15) Defendant Smith prescribed a steroid ointment.

On June 26, Defendant Smith again examined Mr. Robinson and noted irritation in the web of Mr. Robinson's fingers. (Doc. No. 138-1 at p.16) Defendant Smith conducted an ink test that did not reveal any "tunneling" classically observed with a scabies infection. (Doc. No. 138-1 at p.16) Defendant Smith remarked that Mr. Robinson "seems to be obsessing over his conviction that he is infected with scabies." (Doc. No. 138-1 at p.16) Although Defendant Smith noted that he did not believe that Mr. Robinson had scabies, he gave him permethrin cream and ivermectin "based on [his] unwavering conviction" that he suffered from scabies. (Doc. No. 138-1 at p.16)

On July 9, Defendant Smith again examined Mr. Robinson after his request for stronger medication. (Doc. No. 138-1 at p.17) Defendant Smith determined that Mr.

Robinson was receiving the maximum dose of the requested medication and determined that the dosage should not be increased. (Doc. No. 138-1 at p.17)

On July 29, Defendant Bland examined Mr. Robinson after he requested a renewal of his Stromectol prescription. (Doc. No. 138-1 at p.18) Defendant Bland noted rashes, but no lesions that would indicate a scabies infection. (Doc. No. 138-1 at p.18) She concluded that there was no need for the requested medication. (Doc. No. 138-1 at p.18) Defendant Bland prescribed corticosteroid and an antihistamine to relieve itching. Defendant Bland discouraged Mr. Robinson from excessive hand washing and advised him to avoid hot showers.

Defendants attach the declaration of Joseph Hughes, M.D., to their motion. (Doc. No. 138-2) Dr. Hughes testified that Defendants Bland, Smith, and Jones provided appropriate medical care to Mr. Robinson at each of their encounters with him. (Doc. No. 138-2 at p.5) Although these Defendants never diagnosed Mr. Robinson with scabies, they consistently provided medication to relieve his symptoms. (Doc. No. 138-2 at p.5)

In response to the Defendants' motion, Mr. Robinson provides the affidavits of his mother, his sister, and inmate Proctor. (Doc. No. 143) Based on their testimony, it appears that both Mr. Robinson and inmate Proctor suffered from itching and red bumps. (Doc. No. 143 at pp.3, 6, 7) Mr. Robinson has not come forward with any evidence, however, that his symptoms were caused by a scabies infection; nor has he come forward with any evidence to contradict Dr. Hughes's testimony. Mr. Robinson obviously believes that the Defendants misdiagnosed his skin condition. The record does not bear out this belief. But even if it were true, there is no evidence of deliberate indifference.

6

Based on a thorough review of Mr. Robinson's medical records and Dr. Hughes's testimony, no reasonable fact-finder could conclude that Defendants Bland, Smith, and Jones were deliberately indifferent to Mr. Robinson's medical needs. To the contrary, the undisputed evidence shows that the Defendants consistently examined Mr. Robinson and treated him with various medications to address his symptoms. The Defendants are entitled to judgment as a matter of law.

### III.   Conclusion:

The Court recommends that the Defendants' motion for summary judgment (Doc. No. 136) be GRANTED. Mr. Robinson's claims should be DISMISSED, with prejudice. His motion for partial summary judgment (Doc. No. 115) should be DENIED, as moot.

DATED, this 11th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE